IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DENNIS MICHAEL ROE JR.,          )
                                 )
                  Petitioner,    )
                                 )
        v.                       )     Case No. 25-3176-JWL
                                 )
Warden, FCI-Leavenworth,         )
                                 )
                  Respondent.    )
                                 )
_____  )

## **MEMORADNUM AND ORDER**

Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges the calculation and application of credits against his sentence. For the reasons set forth below, the Court **denies** the petition.

Petitioner, who is imprisoned within this judicial district, is serving a 240-month sentence and has a projected release date of July 2, 2032. In his petition, petitioner claims that the Bureau of Prisons (BOP) has failed to calculate and apply credits earned under the First Step Act (FSA); that the BOP has improperly failed to transfer him to prerelease custody; and that his completion of a drug program has been delayed. Respondent filed an answer to the petition, but petitioner did not file a traverse or reply brief by the Court's ordered deadline of December 3, 2025.[1]

---

[1] Petitioner requested and received a 30-day extension of that deadline from November 3 to December 3.

First, the petition is subject to dismissal because of a failure to exhaust. Petitioner was required to exhaust administrative remedies before seeking relief from this Court. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . ."). Petitioner concedes in his petition that he has not exhausted his administrative remedies (a fact confirmed by evidence submitted by respondent). Petitioner argues, however, that exhaustion would be futile because the BOP has adopted a uniform policy and practice of denying earned credits and transfer to prerelease custody.

It is true that "[a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *See id.* Petitioner has not shown such futility, however. *See Garner v. United States*, 2021 WL 3856618, at *2 (D. Kan. Aug. 30, 2021) (Lungstrum, J.) (futility exception applies only in extraordinary circumstances, and petitioner bears the burden to demonstrate futility of administrative review). He claims that numerous inmates in his and other prisons have reported "identical miscalculations and denials" of credits, but he has provided no evidence to support that statement or his claim of "an ongoing, widespread violation of federal law" by the BOP. He also claims that "[n]umerous cases reflect a systemic pattern of BOP denying or misapplying FSA and [Second Chance Act] credits," but his only case citation[2] does not support that claim. *See id.* at *3 (rejecting similar argument for futility) (citing, *inter alia*, *Garza*, 596 F.3d at

---

[2] Petitioner cites a May 13, 2025, order filed in *Arellano v. Warden*, No. 25-751 (W.D. Tex.), but a review of that case's docket reveals that no substantive orders have been issued in that case, and the May 13, 2025, filing is merely a standing order referring the case to a magistrate judge.

1204). Thus, petitioner has not provided a basis for excusing his failure to exhaust in this case.

Moreover, petitioner has not shown that he is entitled to relief on the merits of his petition. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (district court may deny unexhausted habeas claim on the merits). Habeas corpus relief may be appropriate under Section 2241 if a prisoner shows that he is in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). Petitioner has not shown such a violation in this case, however. First, petitioner refers to 180 days of FSA credits he has earned, but he has not shown that the BOP has failed to recognize those credits. Second, petitioner claims that he is eligible for immediate transfer to prerelease custody under 18 U.S.C. § 3624(g), but he has not shown that he satisfies that statute's requirement that he has earned credits in an amount equal to the remainder of his term of imprisonment, as required for eligibility for transfer. *See id.* § 3624(g)(1)(A). As noted, petitioner has referred only to 180 days of credits, and he still has many years left on his sentence. Third, petitioner has not shown that the claimed delay with respect to the drug treatment program has affected the execution of his sentence, as he would still be eligible for a one-year reduction of his sentence under 18 U.S.C. § 3621(e) for eventually completing the program. Accordingly, the Court denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 17th day of December, 2025, in Kansas City, Kansas.

/s/ John W. Lungstrum  
Hon. John W. Lungstrum  
United States District Judge